Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
DOUGLAS COUNTY, JENIFER DAVIDSON,
MARK GARDNER and NATHAN TOLBERT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN DOE 319304, an individual, et. al.,

Plaintiffs,

vs.

LAURA RICH, Director of the NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, in her official capacity;
MARLA McDADE WILLIAMS,
Administrator of the NEVADA DIVISION
OF CHILD AND FAMILY SERVICES, in
her official capacity; CLARK COUNTY,
NEVADA, a political subdivision of the State
of Nevada; KEVIN SCHILLER, County
Manager for CLARK COUNTY, NEVADA,
in his official capacity; MICHAEL NAFT, in
his official capacity; MARILYN
KIRKPATRICK, in her official capacity;
APRIL BECKER, in her official capacity;
WILLIAM McCURDY II, in his official
capacity; RICHARD SEGERBLOM, in his
official capacity; JUSTIN JONES, in his
official capacity, JAMES GIBSON, in his
official capacity; DOUGLAS COUNTY,
NEVADA, a political subdivision of the State
of Nevada; JENNIFER DAVIDSON, County
Manager for DOUGLAS COUNTY,
NEVADA, in her official capacity; MARK
GARDNER, in his official capacity;
NATHAN TOLBERT, in his official
capacity; BRUCE BURGESS, in his official
capacity, as Superintendent of Caliente Youth
Center; CANDITA STRONG, in her official
capacity, as Superintendent of Nevada Youth
Training Center; PATRICK MENDEZ, in his
official capacity as Superintendent of Summit
View Youth Center; Not Yet Fully Identified

Case No.          2:26-cv-01016-GMN-DJA

**DEFENDANTS JENIFER DAVIDSON, MARK GARDNER AND NATHAN TOLBERT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**

- 1 -

OFFICER PRICE, an individual; Not Yet Fully Identified OFFICER TIBBITS, an individual; Not Yet Fully Identified OFFICER BERNSTEIN, an individual; Not Yet Fully Identified OFFICER NICHOLSON, an individual; Not Yet Fully Identified OFFICER HOSS, an individual; Not Yet Fully Identified OFFICER NELSON, an individual; Not Yet Fully Identified OFFICER TAYLOR, an individual; Not Yet Fully Identified; OFFICER BEAR, an individual; Not Yet Fully Identified OFFICER DONAHUE, an individual; Not Yet Fully Identified OFFICER MOORE, an individual; Not Yet Fully Identified OFFICER OSBORNE, an individual; Not Yet Fully Identified OFFICER SMITH, an individual; Not Yet Fully Identified OFFICER TERESA, an individual; Not Yet Fully Identified OFFICER JERRY, an individual; Not Yet Fully Identified OFFICER SAWYER, an individual; Not Yet Fully Identified OFFICER MICKEY, an individual; Not Yet Fully Identified OFFICER RILEY, an individual; Not Yet Fully Identified OFFICER SMITH, an individual; Not Yet Fully Identified OFFICER BOMBGONNER, an individual; Not Yet Fully Identified OFFICER JENKINS, an individual; Not Yet Fully Identified OFFICER MCGRORY, an individual; Not Yet Fully Identified OFFICER SCHUABB, an individual; Not Yet Fully Identified OFFICER SCHMITTY, an individual; Not Yet Fully Identified OFFICER LUCHASEE, an individual; Not Yet Fully Identified OFFICER GHOUL, an individual; Not Yet Fully Identified OFFICER MANZ, an individual; Not Yet Fully Identified OFFICER BENTLEY, an individual; Not Yet Fully Identified OFFICER BARNETT, an individual; Not Yet Fully Identified OFFICER BROOKS, an individual; Not Yet Fully Identified OFFICER RIPTOE, an individual; Not Yet Fully Identified OFFICER SINNER, an individual; Not Yet Fully Identified OFFICER HERRING, an individual; Not Yet Fully Identified OFFICER FRANCIS, an individual; Not Yet Fully Identified OFFICER ROBINSON, an individual; Not Yet Fully Identified OFFICER BRADLEY, an individual; Not Yet Fully Identified OFFICER YOUNG, an individual; Not Yet Fully Identified OFFICER BURTON, an individual; Not Yet Fully Identified OFFICER CLARK, an individual; Not Yet Fully Identified

OFFICER GOODSON, an individual; Not Yet Fully Identified OFFICER OLSON, an individual; Not Yet Fully Identified OFFICER LUCASSI, an individual; Not Yet Fully Identified OFFICER LAFLAIR, an individual; Not Yet Fully Identified OFFICER SCAMBINO, an individual; and DOES 1-500,

Defendants.

COME NOW Defendants, JENIFER DAVIDSON, MARK GARDNER and NATHAN TOLBERT, by and through their attorneys, Thorndal Armstrong, PC, and pursuant to FRCP 12(b)(6), hereby request that the Court enter its order dismissing Plaintiffs' Complaint against them in its entirety. As discussed herein, the moving Defendants are sued only in their "official capacities" and, because Douglas County is also a defendant in the case, the allegations set forth against them in their official capacities are redundant and subject to dismissal as a matter of law.

DATED this 23rd day of June, 2026.

THORNDAL ARMSTRONG, PC

By: ___/s/ Katherine Parks___
KATHERINE F. PARKS, ESQ.
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorney for Defendants
DOUGLAS COUNTY, JENIFER
DAVIDSON, MARK GARDNER and
NATHAN TOLBERT

- 3 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

On April 1, 2026, a Complaint for Damages was filed on behalf of 96 individuals named in a "Doe" capacity against numerous government entities and individuals associated with those entities.  The Complaint, which is over 200 pages long, contains allegations of widespread abuse of minors by employees of juvenile detention facilities across the State of Nevada dating back to the early 2000's.  Allegations are made against Douglas County by three of the ninety-six unidentified plaintiffs based upon alleged incidents at the China Springs Youth Camp dating as far back as 2002-2003.

At paragraph 23 of the Complaint, Jenifer Davidson, the current Douglas County Manager, is named as a Defendant in her "official capacity" only.  At paragraph 24 of the Complaint, Mark Gardner and Nathan Tolbert, two current members of the Douglas County Board of County Commissioners, are sued in their "official capacity" only.  Given that Douglas County is a named defendant in the case, the addition of these individuals in their "official capacity" is redundant and they should be dismissed pursuant to FRCP 12(b)(6).  As for any claims premised upon state statutes or common law, there are no factual allegations whatsoever which would implicate the moving defendants in any wrongful conduct (as they are sued only in an "official capacity") and, accordingly, all claims premised upon state law must be dismissed, as well, for failure to state a claim upon which relief may be granted.

**II**

**LEGAL ANALYSIS**

**A.    STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted.  A dismissal under a 12(b)(6) motion can be based upon either a lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  *See, Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of

- 4 -

material fact and construe them in a light most favorable to the non-moving party. *See, Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1030-31 (9th Cir. 2008). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief plausible on its face. *See, Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2007).

**B.     ALL CLAIMS BROUGHT AGAINST DAVIDSON, GARDNER AND TOLBERT PREMISED UPON 42 U.S.C. §1983 AND BROUGHT AGAINST THEM IN THEIR OFFICIAL CAPACITIES ONLY SHOULD BE DISMISSED.**

The first nine causes of action in Plaintiffs' Complaint are brought under 42 U.S.C. §1983 and various provisions of the United States Constitution. The moving defendants here do not appear to be named in the seventh and eighth causes of action which are premised on the Eighth and Fourteenth Amendments of the United States Constitution. Section §1983 provides a mechanism for the private enforcement of substantive rights conferred by the United States Constitution and federal statutes. It is not, in itself, a source of substantive rights but, rather, merely provides a method for vindicating federal rights elsewhere conferred. *See, Albright v. Oliver,* 510 U.S. 266, 271, 114 S. Ct. 807 (1994). To state a claim under §1983, a plaintiff must demonstrate that his or her civil rights were violated by a person acting under color of state law. *See, West v. Atkins,* 487 U.S. 42, 48-49, 108 S. Ct. 2250 (1988). A plaintiff asserting a §1983 claim must show that the defendant was personally involved in the alleged constitutional deprivation in question. Because vicarious liability is inapplicable in §1983 suits, a plaintiff must prove that each government official defendant, through the official's own actions, has violated the Constitution. *See, Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1999).

"An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099 (1985). "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't,* 533 F.3d 780, 799 (9th Cir. 2008); *see also, Fontana v. Alpine County,* 750 F. Supp.2d 1148, 1154 (E.D. Cal. 2010). Section 1983 claims against government officials in their official capacities are really suits against the

governmental employer because the employer must pay any damages awarded.  *See, Kentucky v. Graham, supra.* at 165-66.

There are no allegations in the Complaint suggesting that any of the moving defendants were personally involved in any alleged unlawful conduct and they are sued in their official capacities only.  Because Douglas County is named as a defendant, the Plaintiffs' §1983 claims against the moving defendants are redundant and they should be dismissed as to all of the Plaintiffs' federal claims.

**C.  PLAINTIFFS' STATE TORT CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED PURSUANT TO FRCP 12(b)(6).**

**(i)  Tenth Cause of Action for Sexual Assault**

Plaintiffs' Tenth Cause of Action is defined as one for "sexual assault" against "All Defendants."  *See,* ECF 1, p. 193-194.  Plaintiffs cite to Nevada Revised Statute 11.215 in this cause of action which relates to the statute of limitations applicable to injuries arising from sexual abuse or sexual exploitation of a minor.  *See,* NRS 11.215(1).  This claim is based upon allegations that the "Defendants . . . intentionally engaged in acts of sexual assault, abuse, and molestation" against the Plaintiffs while they were confined in various juvenile detention facilities.  *See,* ECF 1 at p. 193, ¶164.  To the extent Plaintiffs intended to include Ms. Davidson, Mr. Gardner, or Mr. Tolbert in this cause of action, there are no factual allegations whatsoever which would allow such a claim to go forward against them.  They cannot be sued in their "official capacity" under this claim which seeks civil liability for the criminal conduct alleged in the Complaint and there are no factual allegations pled in the Complaint which would implicate the moving defendants in same.  Accordingly, the moving defendants are entitled to dismissal of the Tenth cause of action.

**(ii)  Eleventh Cause of Action for Sexual Battery**

The same is true with respect to Plaintiffs' Eleventh cause of action which is premised upon allegations that the Plaintiffs were subjected to sexual assault and battery in violation of NRS 200.366 and 200.400 and lewdness with a minor in violation of NRS 201.230.  *See,* ECF 1, p. 195, ¶174.  There are no allegations in the Complaint (nor could there ever be) implicating the

moving defendants in such conduct and Plaintiffs cannot proceed against the current County Manager and two current members of the Board of County Commissioners in their "official capacities" under this claim.  Accordingly, and to the extent Plaintiffs intended to include the moving defendants in their Eleventh cause of action, the same must be dismissed as against Ms. Davidson, Mr. Gardner and Mr. Tolbert.

**(iii)    Twelfth Cause of Action for Intentional Infliction of Emotional Distress**

Plaintiffs' Twelfth cause of action is couched as one for intentional infliction of emotional distress specifically arising from claims filed pursuant to NRS 11.215 which, again, pertains to the statute of limitations applicable to actions to recover damages arising from the "sexual abuse or sexual exploitation" of a minor.  *See,* NRS 11.215(1); *see also,* ECF 1, p. 196. In order to succeed on a claim for intentional infliction of emotional distress, a prevailing plaintiff must prove, by a preponderance of the evidence, all of the following:  (1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation.  *See, Miller v. Jones,* 970 P.2d 571, 577, 114 Nev. 1291 (Nev. 1998).   Plaintiffs again plead this cause of action against "All Defendants." *See,* ECF 1, p. 193.  There are no factual allegations in the Complaint which would implicate the moving defendants in this cause of action and there is no state law which would allow them to be sued for any state tort in their official capacities.  Accordingly, this claim must be dismissed as against the moving defendants.

**(iv)    Thirteenth Cause of Action for Negligence**

Plaintiffs' Thirteenth cause of action is one grounded in negligence and Plaintiffs again plead this claim against "All Defendants."  In order to prevail on their negligence claim for relief, Plaintiffs must prove all of the following by a preponderance of the evidence: (1) that the defendants owed them a duty of due care; (2) breach of the duty; (3) that the breach of duty was the proximate or legal cause of the plaintiffs' injuries; and (4) damages.  *See, Clark County School Dist. v. Payo,* 403 P.3d 1270, 1279, 133 Nev. 626 (Nev. 2017).  There are no factual allegations in the Complaint which would establish that any of the moving defendants owed the

Plaintiffs any duty of due care upon which a negligence claim can be based.  As noted above, Ms. Davidson is the current Douglas County Manager and Mr. Gardner and Mr. Tolbert are current members of the Douglas County Board of County Commissioners.  There are no facts alleged in the Complaint to suggest that any of these individual defendants had any involvement with China Springs Youth Camp during the time periods alleged in the Complaint.  There are no grounds for an "official capacity" suit against these defendants under a negligence cause of action and the same must be dismissed for failure to state a claim upon which relief may be granted.

(v)      **Fourteenth and Fifteenth Causes of Action for Negligent Hiring, Training and Supervision**

The same arguments described immediately above warrant the dismissal of Plaintiffs' Fourteenth and Fifteenth causes of action for negligent hiring, training and supervision (pled against "All Defendants"), as there are simply no factual allegations made in the Complaint which would implicate the moving defendants in any conduct related to these causes of action. Further, even if there were any such facts, these claims are subject to dismissal pursuant to the discretionary act immunity set forth at NRS 41.032(2) which provides that no action may be brought against an officer or employee of the State or any of its agencies or political subdivisions based upon the performance or failure to perform discretionary functions.  Federal courts and the Nevada Supreme Court have consistently held that decisions relating to hiring, training and supervision of employees involve policy judgments of the type discretionary act immunity is intended to shield.  *See, Paulos v. FCH1, LLC.,* 456 P.3d 589, 595, 136 Nev. 18 (Nev. 2020); *see also, Vickers v. U.S.,* 228 F.3d 944, 950 (9th Cir. 2000); *Gager v. U.S.,* 149 F.3d 918 (9th Cir. 1998); and *Ansara v. Maldonado,* 647 F.Supp.3d 958, 981 (D. Nev. 2022).  As such, these causes of action are subject to dismissal pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.

(vi)      **Sixteenth Cause of Action for Negligent Infliction of Emotional Distress**

Plaintiffs' Sixteenth cause of action is pled in a similar manner as is their Twelfth cause of action (against "All Defendants") and, in same, Plaintiffs seek damages under a theory of

negligent infliction of emotional distress caused specifically by conduct described in NRS 11.215 which, again, pertains to the statute of limitations applicable to actions to recover damages arising from the "sexual abuse or sexual exploitation" of a minor.  *See,* NRS 11.215(1); *see also,* ECF 1, p. 201.  There are no facts pled in this case which would in any way establish that the moving defendants, including the current Douglas County Manager and two current members of the Board of County Commissioners, owed the Plaintiffs a duty of due care upon which such a claim could possibly be based or that they personally participated in any wrongful conduct.  Plaintiffs cannot maintain an "official capacity" suit against the moving defendants under this state tort claim and the same must be dismissed for failure to state a claim upon which relief may be granted.

### (vii)    Seventeenth Cause of Action for Constructive Fraud

In their Seventeenth cause of action, Plaintiffs seek damages against "All Defendants" based upon a "constructive fraud" theory which they again base on NRS 11.215.  *See,* ECF 1, p. 202.  "Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence."  *Executive Management, Ltd. v. Ticor Title Ins. Co.,* 963 P.2d 465, 477, 114 Nev. 823 (Nev. 1998).  In order to succeed on such a claim, a prevailing plaintiff must demonstrate that (1) the defendant owed a legal or equitable duty to the plaintiff arising from a fiduciary or confidential relationship; (2) the defendants breached that duty by misrepresenting or concealing a material fact; and (3) the plaintiff sustained damages due to the defendant's breach.  *Id.*  As with all of the Plaintiffs' state law causes of action, there are no factual allegations in the Complaint which would implicate the moving defendants in any conduct which could ever form the basis of a constructive fraud cause of action against them.  There are no factual allegations in the Complaint which would support any claim that the moving defendants, the current County Manager and two current members of the Board of County Commissioners, owed any duty of due care to the Plaintiffs or that they were responsible for misrepresenting or concealing any material facts from the Plaintiffs (nor will there ever be given the passage of time between the alleged events and the filing of the Complaint).  There is no basis in law for an "official

capacity" suit against the moving defendants under state law. Accordingly, they are entitled to dismissal of Plaintiffs' Seventeenth cause of action pursuant to FRCP 12(b)(6).

**III**

**<u>CONCLUSION</u>**

Based upon all of the foregoing, Jenifer Davidson, Mark Gardner and Nathan Tolbert respectfully request that the Plaintiffs' Complaint be dismissed for failure to state a claim upon the moving Defendants upon which relief may be granted.

DATED this 23rd day of June, 2026.

THORNDAL ARMSTRONG, PC


By:  */s/ Katherine Parks*
     KATHERINE F. PARKS, ESQ.
     Nevada Bar No. 6227
     6590 S. McCarran Blvd., Suite B
     Reno, Nevada 89509
     Attorney for Defendants
     DOUGLAS COUNTY, JENIFER
     DAVIDSON, MARK GARDNER and
     NATHAN TOLBERT

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong, PC, and that on this date I caused the foregoing DEFENDANTS JENIFER DAVIDSON, MARK GARDNER AND NATHAN TOLBERT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6) to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

_X_ United States District Court CM/ECF system

_____ personal delivery/Reno Carson Messenger Service

_____ electronic means (facsimile or electronic mail)

_____ Federal Express/UPS or other overnight delivery

fully addressed as follows:

> Timothy R. O'Reilly, Esq.
> Dicello Levitt, LLP
> 325 South Maryland Pkwy
> Las Vegas, Nevada 89101
> *Attorney for Plaintiffs*

DATED this 23rd day of June, 2026.

_____ /s/ Laura Bautista_____
An employee of Thorndal Armstrong, PC

- 11 -